# Huling *against* The Overseers.

Overseers of the poor are not jointly liable for money collected by each other in their official capacity; but if they be charged jointly by the auditors with a balance, and they acquiesce in that settlement, they both become liable to an action for the whole amount of the balance so found to be in their hands.

ERROR to the Common Pleas of *Mifflin* county.

The overseers of the poor of the borough of Lewistown against David W. Huling, Esq. The parties agreed to the following facts, to be considered in the nature of a special verdict:

The defendant, and one Elias W. Kulp, were overseers of the poor of the borough of Lewistown for the year 1832. On the 21st of March 1835, the auditors for the year 1834 settled their account, and charged them with the amount of their duplicate, viz:

Amount of Mr Huling's duplicate ....................... $419.23
Amount of Mr Kulp's duplicate ......................... 243.69
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　$662.92

They gave them credit jointly for the sum of $564.39½, and certified a balance due from them to the borough of $98.53. Of this credit $564.39½, there were allowed them jointly for exonerations the sum of $38.18, and for collection and services, jointly the sum

of $40. The balance, viz., $486.21, was paid by Huling alone for the care, keeping, &c., of paupers. Kulp did not pay any part of it. Huling was appointed overseer by the court in the place of S. S. Jones, on the 16th of April 1832. The question for the opinion of the court was, whether or not Mr Huling was liable to pay the balance of $98.53, (certified by the auditors to be due from him and Mr Kulp,) with interest from the 21st of March 1835, or any part of that sum to the plaintiff.

The court below (Woodward, President) was of opinion, that upon the facts as stated, the plaintiff was entitled to recover, and rendered a judgment accordingly.

*Huling* referred to 1 *Dall*. 311 ; 2 *Penn. Rep*. 421 ; 2 *Rawle* 287 ; 4 *Rawle* 148.

*Candor*, contra, cited *Pamph. Laws of* 1833–4, *p.* 554, *sec.* 90 ; 8 *Watts* 125 ; 6 *Watts* 253 ; 7 *Watts* 67 ; 5 *Watts* 228.

The opinion of the Court was delivered by

KENNEDY, J.—The judgment, in this case, was rendered by the court below against the plaintiff in error, who was the defendant there, upon a statement of facts agreed on by the parties as a special verdict. It is very possible that he will have to pay under it what he was not originally bound or liable to pay. For, if it be that his colleague actually collected and received the money for which judgment has been rendered against him, I am far from thinking that he could have been made liable for it, if he had shown that fact to the auditors who settled and stated the account, or to the court, upon an appeal taken in due time. It would certainly be unreasonable, as well as unjust, to make one overseer responsible for moneys collected by his co-overseer ; because, although they must act jointly, and concur in assessing the taxes, to be collected afterwards by them, yet either may collect and receive the taxes, after they are jointly assessed by them, and give sufficient acquittances, upon the receipt thereof, without the presence or the authority of the other. One has full power to receive without the consent of the other, and why should the latter, this being the case, be held responsible for what his colleague has so collected? Although they may be said to be partners in the same office, yet they are not to be considered as being made so with their own consent. It is true that either or both may refuse to accept the office, when elected or appointed to it; but neither is at liberty to choose his colleague or partner in the office. In this respect, when one is elected or appointed to it, he must take such person for his partner as the electors of the township, borough, district, or the court, shall think proper to select; he has no choice in the matter. He may therefore have a person for his colleague in whom he has no confidence, and is altogether unwill-

[Hulings v. The Overseers.]

ing to trust. And, if it happens that his colleague, after having collected any portion of the taxes assessed, embezzles the same, and absconds or becomes unable to pay, the fault cannot be said to lie at his door, but must be imputed to those who appointed his colleague to the office. It would be against every principle of law, as well as natural justice, to make one man responsible for the conduct of another, over whom he had no control, and to whom he had not trusted or confided anything. But by the case stated, upon which the court below rendered judgment against the plaintiff in error, it does not appear that his colleague ever collected or received any portion of the taxes assessed; and if he neglected to collect, the plaintiff in error would undoubtedly be answerable for such neglect, unless he had shown that it was impracticable for him to collect them. We must take it that the taxes were duly and properly assessed—that is, by the plaintiff in error and his colleague jointly; so that the circumstance of their making out separate duplicates, and each taking a certain section of the borough, in order to collect the taxes assessed upon those residing within such section, would not tend to relieve the plaintiff in error from any responsibility that he otherwise would be under in regard to the collection of the whole amount of taxes assessed. If it could have any effect at all, it would, perhaps, be rather to increase than diminish his liability, though I do not know that it ought to have any effect either in the one way or the other. The plaintiff in error, also, appears to have acquiesced in the settlement and statement made by the auditors of the township, wherein he was charged with the sum of money, as a balance due by him and his colleague jointly, for which the judgment has been rendered against him. I say this, because if he had not reason to acquiesce in their decision, he ought to have appealed within the proper time to court. But it is objected that the auditors, for the year 1835, had no power to settle his account; that it could only have been done legally by the auditors of the preceding year. This, however, has not been made out clearly. As the case was presented to the court below, we think it was right in giving judgment for the plaintiffs.

Judgment affirmed.